## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **GARY W. JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:08CV00041 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By:  James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Vernon M. Williams*, *Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Andrew C. Lynch, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

### I

Gary W. Jackson filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2009) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

Jackson applied for benefits on April 11, 2006, alleging disability since April 6, 2006. This claim was denied initially and on reconsideration, and Jackson received a hearing before an administrative law judge ("ALJ") on December 7, 2007. An independent medical expert, a vocational expert, and the plaintiff, who was represented by counsel, testified. By decision dated January 24, 2008, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

II

The plaintiff was forty-eight years old on the alleged disability onset date, making him a younger individual under the Commissioner's regulations. *See* 20 C.F.R. § 404.1563(c) (2009). He has a twelfth grade education. He has worked as a corrections officer, automobile mechanic, and coal miner, but has not engaged in substantial gainful activity since April 6, 2006. He claims disability based on sleep apnea, hearing loss, back and knee problems, depression, chronic fatigue, high blood pressure, high cholesterol, thyroid disease, and breathing problems.

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner, as long as substantial evidence provides a basis for the Commissioner's decisions. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

- 3 -

The Commissioner applies a five-step sequential evaluation process in assessing DIB claims. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.*; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The fourth and fifth steps in this inquiry require an assessment of the claimant's residual functional capacity ("RFC"), which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *See* 20 C.F.R. §§ 404.1560(b), (c) (2009).

In this case, the ALJ found that while Jackson had certain severe impairments within the meaning of the applicable regulations, they did not meet or exceed the severity of a listed impairment. He further found that Jackson had the RFC to perform certain restricted light work, for which there were jobs in the national economy in significant numbers that he could perform.

The plaintiff first contends that the ALJ erred in failing to give proper weight to the medical opinions of his treating physician, Dr. Sutherland. I disagree.

The ALJ considered Dr. Sutherland's proposed restrictive physical and mental limitations and rejected them due to inconsistences with the other medical evidence of record as well as his own clinical findings and Jackson's daily activities. Although enhanced weight is generally given to the findings and opinions of treating physicians, the Commissioner is not required to accept a treating physician's opinion as controlling. 20 C.F.R. § 404.1527(d)(2) (2009). In order to be accepted, a physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and must not be "inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2), (3) (2009). If not controlling, the weight afforded to a treating physician's opinion depends on the extent to which the opinion presents relevant evidence to support an opinion, particularly medical signs and laboratory findings. 20 C.F.R. § 404.1527(d)(3) (2009).

After a careful review of the record, I find that the ALJ properly evaluated Dr. Sutherland's opinion of disability and properly declined to afford it controlling

weight.  Accordingly, I find that there is substantial evidence to support the ALJ's decision.

B

The plaintiff also argues that the ALJ erred by inferring that Dr. Sutherland's opinion was biased, pointing to the ALJ's statement in his written opinion that "the record clearly suggests that Dr. Sutherland went beyond being a treating family physician, but became an advocate for the claimant in assisting him in whatever way possible to obtain disability. . . ." (R. at 25.)  Jackson assails this opinion as "unconscionable and shocking." (Brief Supp. Pl.'s Mot. Summ. J. 19.)

As I have found, the ALJ's rejection of Dr. Sutherland's opinion was based on substantial evidence.  While it was not necessary for the ALJ to attribute improper motivation to the physician, that opinion, being based on an articulated consideration of the record, does not constitute error.

C

Finally, the plaintiff argues that this case should be remanded and assigned to a new ALJ because the record shows that the ALJ here was adversarial and biased.

Of course, I must presume that a hearing officer is unbiased.  *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982).    In order for the ALJ's decision to be set aside and the matter remanded for a new hearing, it must be demonstrated that the judge

- 6 -

"displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 556 (1994).

There is no question but that the ALJ here actively engaged in examining the claimant and expressed skepticism about Jackson's claims of disability. But he did not do more than carry out his duty to properly investigate and decide the case. There was no discourtesy or interference with counsel's opportunity to present evidence.

Accordingly, I find that the plaintiff's argument that the ALJ was adversarial and biased is without merit.[1]

---

[1] Indeed, counsel's treatment of the ALJ was not a model of courtroom professionalism, as shown by the following excerpt:

RE-EXAMINATION OF CLAIMANT BY ATTORNEY:

Q   Okay. Now, do you ever have a hard time keeping up with what's on the TV show, the news, I mean you are, do you ever have any problems being able to focus or think clearly on, on the TV or if your wife's talking to you or anything like that?

A   Yes, sometimes I do.

Q   Okay. Sometimes?

A   Yeah.

Q   Okay. Try and give me a range, when you say sometimes, how often will that happen?

A   30 to 60 percent of the time, maybe, I --

Q   Okay. You --

- 7 -

## III

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the Commissioner's Motion for Summary Judgment will be granted.

———————————————

RE-EXAMINATION OF CLAIMANT BY ADMINISTRATIVE LAW JUDGE:

Q   I mean, you're telling me that 60 percent of the time you have problems concentrating?

A   No, that's --

RE-EXAMINATION OF CLAIMANT BY ATTORNEY:

Q   Don't, don't let him put words in your mouth, Mr. Jackson, just say, whatever it is --

ALJ:   I'm not putting words in his mouth, Mr. Bary  --

BY ATTORNEY:

Q       -- just, just say what you want to.

ALJ:   --  I'm asking about, just stating what his testimony is --

ATTY: --  he's trying to testify, --

ALJ:   --  and I'm asking if that's correct.

ATTY: – he's trying to testify and you're berating him, Your Honor. I'm just telling him he just needs to --

ALJ:   I'm not berating him --

ATTY: --  take his time and answer the question.

(Tr. At 60-61.)

An appropriate final judgment will be entered affirming the Commissioner's final

decision denying benefits.

DATED: August 17, 2009

/s/ JAMES P. JONES
Chief United States District Judge